UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW MEXICO

| | |
|---|---|
| MELVIN TODACHEENE, | ) Case No. 1:21-CV-00809-MLG-KK |
| Plaintiff | ) |
| vs. | ) **PLAINTIFF'S MOTION FOR ENTRY OF** <br> ) **DEFAULT AGAINST DEFENDANT** <br> ) **ASPIDE MEDICAL** |
| BG MEDICAL, LLC**;** ASPIDE MEDICAL d/b/a SURGIMESH; MEDICAL MURRAY, INC. | ) |
| Defendants | ) |

Plaintiff, Melvin Todacheene ("Mr. Todacheene" or "Plaintiff") through counsel, hereby respectfully moves the Court for an entry of default pursuant to Fed. R. Civ. Pro. 55(a) against Defendant Aspide Medical.

## I.     BACKGROUND

This is a product liability case brought on behalf of Plaintiff arising out of the failure of Defendants' hernia mesh device, Surgimesh XB. Plaintiff's Complaint asserts multiple product liability claims against three named Defendants: BG Medical, LLC, Aspide Medical, and Medical Murray, Inc. *Plaintiff's Complaint*, ECF No. 1.

Defendant Aspide Medical is a foreign corporation with its principal place of business located at 246 Allee Lavoisier, 42350 La Talaudiere, France. *Id*., ¶ 5. Aspide had an exclusive distributor agreement with BG Medical to distribute the Surgimesh XB in the United States. *Id*., ¶ 10. BG Medical manufactured, marketed, and sold Surgimesh XB in the United States, including the state of New Mexico. *Id*., ¶ 9.

Plaintiff contracted with Viking Advocates, LLC, to effectuate service of the summons and Plaintiff's complaint on Aspide Medical as a foreign entity. *Declaration Brook Lynn Meyers*, ¶ 2. Viking Advocates worked with the Central Authority in France to have the initial pleadings served upon Aspide Medical in conformation with the Hague Convention. *Id*., ¶ 4. The initial pleadings were served on Aspide Medical on October 19, 2021. *Id*.

Plaintiff has not received any communication from Aspide Medical since it was served with the pleadings. Aspide Medical has not made an appearance in this lawsuit, has not contacted Plaintiff's attorney, and has not responded to Plaintiff's complaint. *Id*., ¶ 6.

## II.  ARGUMENT

Plaintiff seeks an entry of default judgment against Defendant Aspide Medical. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Fed. R. Civ. P. 55(a)*. Defendant Aspide Medical was properly served with a summons and Plaintiff's Complaint. However, Aspide Medical has failed to make an appearance or respond to the Complaint in the months since it was served. An entry of default against Aspide Medical is appropriate at this time.

### A.  Defendant Was Properly Served with the Summons and Complaint

Aspide Medical is a foreign corporation with its headquarters in France. Service of judicial documents on foreign corporations can be accomplished by following the steps in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). The Hague Convention was created to allow documents to be served abroad. *USCS Service Abroad preamble*. Each country which has signed on to the Hague Convention is

to create a Central Authority which receives requests for service and serves the documents. *Id.*, Art. 3.

Plaintiff has perfected service through the Hague Convention. The documents were translated into French and transmitted to the Central Authority in France which has the responsibility of serving the foreign documents. These documents were served on Aspide by the Central Authority on October 19, 2021, and proof of service was produced to Plaintiff.

Aspide Medical has been appropriately served with the initial pleadings in this case. The Hague Convention is the proper method of service for foreign entities like Aspide Medical. The Hague Convention's procedures were followed and Aspide Medical was served with a summons and Plaintiff's Complaint in this lawsuit.

### B.  Defendant Has Defaulted by Failing to Appear or Defend in This Lawsuit

Despite being appropriately served with the summons and Plaintiff's Complaint, Aspide Medical has not made an appearance in this lawsuit, has not filed any response to Plaintiff's Complaint, and has not communicated with Plaintiff's counsel. Pursuant to Federal Rule of Civil Procedure 55(a), when a party fails to plead or otherwise defend a lawsuit, "the clerk must enter the party's default." Plaintiff seeks an entry of default against Defendant Aspide Medical so it may proceed with a motion for default judgment.

### III. CONCLUSION

An entry of judgment against Defendant Aspide Medical in this case is just and proper at this time. Defendant was properly served with a summons and complaint. Aspide Medical has not made an appearance, filed a response to Plaintiff's Complaint, or defended the lawsuit in any other way. Plaintiff respectfully requests an entry of default against Defendant Aspide Medical.

Dated: May 20, 2024

Respectfully Submitted,

BRENES LAW GROUP, P.C.

By: /s/ *Troy A. Brenes*

Troy A. Brenes (CA Bar No. 249776)
(*Admitted Pro Hac Vice*)
100 Spectrum Center Drive, Ste. 330
Irvine, California 92618
Telephone: 949-397-9360
Facsimile: 949-607-4192
tbrenes@breneslawgroup.com

DURHAM, PITTARD & SPAULDING, LLP
Justin R. Kaufman
Rosalind Bienvenu
505 Cerillos Rd. Ste. A 209
Santa Fe, New Mexico 87501
Telephone: 505-986-0600
jkaufman@dpslawgroup.com
rbienvenue@dpslawgroup.com

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on this 21st day of May, 2024, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

By: /s/ *Troy A. Brenes*